## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 25 2015, 10:02 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Jeffry G. Price
Peru, Indiana

ATTORNEYS FOR TOWNE

H. Joseph Certain
Rebecca L. Loeffler
Adrienne E. Rines
Kiley, Harker & Certain
Marion, Indiana

ATTORNEYS FOR STATE

Gregory F. Zoeller
Attorney General of Indiana

Kristin Garn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William G. Zartman, Jr., and Marilyn M. Zartman, Trustees of the William G. Zartman, Jr., and Marilyn M. Zartman Revocable Trust, and William G. Zartman III and Kim R. Zartman, <br><br> *Appellants-Defendants,* <br><br> v. | August 25, 2015 <br><br> Court of Appeals Case No. 25A05-1410-PL-495 <br><br> Appeal from the Fulton Superior Court <br><br> The Honorable Christopher M. Goff, Special Judge <br><br> Trial Court Cause No. 25D01-0804-PL-96 |

Donald R. Towne and Larry J. Towne,

*Appellees-Plaintiffs*,

and

State of Indiana,

*Appellee-Defendant*

**Baker, Judge.**

[1]     The families and predecessors of the Townes and the Zartmans have owned adjacent plots of land for decades.  One day, William Zartman III destroyed a section of the long-standing fence between the properties and then rebuilt the fence in a way that encroached onto the Townes' property.  The Townes filed a complaint for trespass, ejectment, adverse possession, and to quiet title.

[2]     Initially, the Zartmans claimed that they owned the disputed portion of property.  Eventually, they alleged that instead, the State owned it.  The Zartmans requested that the State be added as a defendant.  The trial court granted the request, at which time the State denied having any ownership interest in the property.  The State eventually filed a disclaimer of any and all interest it may have had.  Consequently, the trial court dismissed the State from the litigation.  We find no error in that dismissal, and affirm.

# Facts

The Townes and the Zartmans own respective parcels of land that are adjacent to one another in rural Fulton County.  Sometime before 1960, a fence was constructed along the northern line of the Townes' property.  Since then, the parties have treated the fence as a boundary line between their lots.  Also in the vicinity is South Mud Lake, which has receded with time, such that there is now a swampy area between the lake's meander line[1] and the lake's current water line (hereinafter referred to as the Disputed Area).

In 2006, William Zartman III (William) destroyed a portion of the fence between the Zartmans' property and the Townes's property.  William then erected a new fence, which ran in a southwestwardly direction across the Townes's property, and across the Disputed Area, to South Mud Lake.

On April 17, 2008, the Townes filed a complaint against the Zartmans for quiet title, trespass, ejectment, and adverse possession.  The Townes later amended their complaint to allege that they had acquired additional land—the Disputed Area—by reason of "reliction[2] of the water of South Mud Lake."  Appellants' App. p. 24.

---

[1] Meander line is defined as "one following the outline of a stream, lake or swamp."  Webster's Third New Int'l Dictionary 1399 (1993).

[2] "Reliction" is defined as "[a] process by which a river or stream shifts its location, causing the recession of water from its bank."  Black's Law Dictionary 7th ed. 1293 (1999).

On July 17, 2013, the Zartmans filed a motion to add an additional party, which the trial court granted on July 29, 2013. On September 27, 2013, the State filed an answer to the complaint, denying all allegations. It also filed a motion to dismiss itself from the litigation because "the State does not hold title to the subject disputed property." *Id.* at 38. On October 15, 2013, the Zartmans filed a cross-claim against the State, arguing that the State, rather than the Townes, owned the Disputed Area.

On November 15, 2013, the State filed a disclaimer of interest in the Disputed Area, stating as follows:

> 2.    The State of Indiana is not an owner of the subject property and does not own the subject property;
>
> 3.    To the extent the State of Indiana has acquired an interest in the subject property it hereby disclaims said interest;
>
> ***
>
> WHEREFORE, the State of Indiana, by counsel, hereby disclaims any and all interest it may have in the subject property and further respectfully prays that it be dismissed from this lawsuit . . . .

*Id.* at 79. At the Zartmans' request, the trial court afforded them time to file a brief in opposition to the State's motion to dismiss. They filed their brief on

November 25, 2013.[3]  On November 27, 2013, the trial court granted the State's motion and dismissed it from the litigation.

[8]    A bench trial on the Townes' complaint against the Zartmans took place on July 22 and 23, 2014.  On September 24, 2014, the trial court entered an order finding in favor of the Townes.  In pertinent part, the trial court found as follows:

> 15.   The State of Indiana has never asserted a claim to ownership to land around the waterline of South Mud Lake, and in particularly [sic], the land that is now in dispute.
>
> 16.   The State of Indiana does not claim ownership of any land between the original meander line of South Mud Lake and the current waterline including the disputed land.
>
> ***
>
> CONCLUSIONS OF LAW
>
> 2.    The State of Indiana does not own the disputed property.
>
> 3.    To the extent the State of Indiana ever held an ownership interest in the disputed land, it expressly disclaimed said interest.

---

[3] That brief is not included in the record on appeal.

*Id.* at 21-23.  The trial court found that William trespassed on the Townes'
property when he destroyed a section of fence and constructed a new fence.
The trial court found that the Townes incurred damages in the amount of
$2,689.27 and ordered judgment in their favor in that amount.  The Zartmans
now appeal.

## Discussion and Decision

On appeal, the Zartmans argue that the trial court erred by dismissing the State
from the litigation.  They also contend that the trial court erroneously
determined that the State had no ownership interest in the Disputed Area.[4]  The
trial court dismissed the State from the entirety of the lawsuit, meaning that it
dismissed the State from the complaint and from the Zartmans' cross-claim.
We will consider each set of procedural issues separately.

As to the original complaint, the State filed a Trial Rule 12(B)(6) motion to
dismiss.  A Rule 12(B)(6) motion to dismiss focuses solely on the face of the
complaint itself, and the trial court must consider whether the allegations on the
face of the complaint establish any set of circumstances under which a plaintiff
would be entitled to relief.  *Medley v. Lemmon*, 994 N.E.2d 1177, 1182 (Ind. Ct.
App. 2013), *trans. denied*.  In this case, the Townes' complaint makes no
mention whatsoever of the State.  It does not allege that the State has any

---

[4] The apparent reason that the Zartmans are asserting the State's interest in the Disputed Area is that if the Townes do not own it, then there is no basis for their claims of trespass and quiet title.

ownership interest in the Disputed Area or any other portion of the property. Therefore, under no circumstances would the Townes be entitled to relief against the State. The trial court did not err by granting the State's motion to dismiss it from the complaint.

[11] As for the Zartmans' cross-claim, Indiana Trial Rule 13(G) provides that a cross-claim is "any claim by one party against a co-party." Inasmuch as the State was properly dismissed as a co-party, a cross-claim is not the correct lens through which to view the Zartmans' claim against the State.

[12] Furthermore, the Zartmans' claim related to the State cannot be rescued by construing it differently. Indiana Trial Rule 14(A) provides that a defendant, "as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him*." (Emphasis added). In this case, the Zartmans do not contend that the State is liable to them for any portion of the Townes' claims against them. Therefore, the Zartmans cannot file a third-party complaint against the State.

[13] Indiana Trial Rule 19 provides the framework for mandatory joinder of persons needed for a just adjudication. Rule 19(A) gives two circumstances in which joinder is required:

> (A)  Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if:

(1)     in his absence complete relief cannot be accorded among those already parties; or

(2)     he claims an interest relating to the subject of the action . . . .

[14]   In this case, the State has consistently maintained that it does not own the Disputed Area. And to the extent its ownership is debatable, it filed a disclaimer of interest that relinquished any and all ownership rights it may have had to that property. Therefore, there is no reason that, in the State's absence, complete relief cannot be accorded between the Townes and the Zartmans. And since the State claims no interest whatsoever, section 19(A)(2) does not apply.

[15]   Finally, Trial Rule 20 sets forth the rules for permissive joinder of parties. It provides as follows:

(1)     All persons may join in one [1] action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

(2)     All persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Here, the State asserts no right to relief, so subsection (1) does not apply. With respect to subsection (2), no "right to relief" has been "asserted" against the State, so it may not be joined as a defendant.

[16] Given that the State has explicitly disclaimed any and all interest in the Disputed Area, there is simply no procedural mechanism for it to be added as a party to this litigation.[5] And this result is the right one, inasmuch as the State has no proverbial dog in the fight. Consequently, the trial court did not err by dismissing the State from this litigation. We also find no error in the trial court's order following the bench trial.

[17] The judgment of the trial court is affirmed.

Vaidik, C.J., and Robb, J., concur.

---

[5] Furthermore, the trial court did not err by determining that the State had no interest in the Disputed Area, given the State's explicit disclaimer of any and all interest.